IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DANNY LYNN HUDSPETH, JR., #1481072,** § | | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0020-B |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Torres Unit in Hondo, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case: On January 4, 2008, following Petitioner's guilty plea to the offenses of aggravated robbery with a deadly weapon, the trial court assessed punishment at twenty years imprisonment. *See State v. Hudspeth*, Nos. F07-54157 and F07-54158 (291st Dist. Ct., Dallas County 2008). Petitioner did not appeal. Thereafter, on October 6, 2008, Petitioner

filed state habeas applications pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging each of his convictions. *See* Nos. W05-54157-A and W05-54158-A (Attachment.) The Texas Court of Criminal Appeals denied the applications without a written order on the trial court's findings without a hearing on January 14, 2009. *Ex parte Hudspeth*, Nos. WR-71,171-03 and -04.[1]

On January 6, 2010, Petitioner filed the federal petition presently at issue. In four grounds, he challenges the ineffective assistance of trial counsel, and the use of evidence gained from an unconstitutional arrest, search and seizure, and coerced confession.[2]

<u>Findings and Conclusions</u>:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); Rule 4 of the Rules Governing § 2254 proceedings (requiring a district court to dismiss a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

On February 9, 2010, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the statute of

---

[1]  The docket sheets for Petitioner's post-conviction writs are available on the Texas Court of Criminal Appeals website.

[2]  For purposes of this recommendation, the original petition is deemed filed on January 4, 2010, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (federal petition is deemed filed for determining application of the AEDPA when prisoner tenders it to prison officials for mailing); Rule 3(d) of the Rules Governing § 2254 proceedings.

limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed his response on February 26, 2010.

In this case the one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[3]

Petitioner did not file a direct appeal. As a consequence, his convictions became final on February 3, 2008, thirty days after the judgments were entered. *See* Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on February 4, 2008, the day after his convictions became final. As of October 6, 2008, the date on which Petitioner filed his art. 11.07 applications, 245 days of the one-year limitations period had elapsed. The state applications remained pending until January 14, 2009, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See also Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one year-period resumed running on January 15, 2009, and expired 120 days later on May 14, 2009. Therefore, the federal petition, deemed filed as of January 4, 2010, is untimely absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-

---

[3] Subsections 2244(d)(1)(B)-(D) are inapplicable in this case. Petitioner has alleged no state created impediment under subparagraph (B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds became or could have become known prior to the date on which his conviction became final.


31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007) (quotations and quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner delayed filing his state writs by eight months after his convictions became final. Following the denial of his state writs, he delayed more than eleven months before submitting his federal petition for filing. In his conclusory response (Doc. # 8), Petitioner provides no explanation for his delays, which appear to have been of his own making. Unexplained delays do not evince due diligence. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.").

Insofar as Petitioner relies on his *pro se* status and his own unfamiliarity with the law as a basis for equitable tolling, his claim fails. The Fifth Circuit has held that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of establishing that equitable tolling is warranted, in the exercise of discretion the District Court should refuse to apply equitable tolling in this case. Accordingly, the petition should be dismissed as time barred.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas corpus petition be DISMISSED with prejudice as barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), and that Petitioner's motion to subpoena the arrest report (Doc. #2) be DENIED as moot.

Signed this 4th day of March, 2010.


*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**ATTACHMENT**